**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECILIO CORTEZ LOPEZ, | No. 15-16453 |
| Petitioner-Appellant, | D.C. No. 1:13-cv-01207-AWI-MJS |
| v. | |
| MICHAEL L. BENOV, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 16, 2016[**]
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Cecilio Cortez Lopez, a federal prisoner at Taft Correctional Institution

(TCI), appeals the district court's denial of his petition for a writ of habeas corpus

under 28 U.S.C. § 2241. Lopez seeks good conduct time (GCT) for a time period

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in which he failed to make satisfactory progress towards a GED. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's denial of a habeas petition under 28 U.S.C. § 2241 de novo. *Bowen v. Hood*, 202 F.3d 1211, 1218 (9th Cir. 2000). We affirm the district court.

Congress established two programs regarding literacy and GED attainment for federal prisoners. *See* 18 U.S.C. § 3624. Section 3624(f) directs the Bureau of Prisons (BOP) to create a mandatory literacy program, and § 3624(b) establishes an incentive system for prisoners to continue their education and gain their GEDs. Under § 3624(f), an inmate without a high school diploma or GED is required to participate in a mandatory literacy program "for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." 28 C.F.R. § 544.70. "Sentenced deportable aliens" are not required to participate in the mandatory literacy program. *Id.* § 544.71(a)(3). Under § 3624(b), inmates can qualify for GCT by continuing their education. An inmate receives 54 days of GCT if he or she "has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree," 18 U.S.C. § 3624(b)(1), and only gets 42 days of GCT if he or she has not earned or is not making satisfactory progress toward earning a GED. 28 C.F.R. § 523.20(c). An alien who is subject to "a final order of

2

removal, deportation, or exclusion" need not make satisfactory progress toward earning a GED to be eligible for the maximum possible GCT. *Id.* § 523.20(d).

Lopez made unsatisfactory progress towards attaining his GED between November 27, 2007 and September 23, 2011. As a result, Lopez received 42 days of GCT instead of 54 days of GCT each year—losing 48 total days of GCT. The magistrate judge recommended that Lopez's habeas corpus petition be denied. The district court adopted this recommendation and denied the petition.

Lopez makes two arguments on appeal. He first argues that TCI employees were not authorized to determine his status in the GED program because, as employees of a private correctional institution, they were not BOP staff. The BOP regulations are ambiguous about *who* can decide whether an inmate's progress is satisfactory, but BOP guidance documents instruct that education staff or the education department at each institution make this determination. *Compare* 28 C.F.R. § 544.73 *with* BOP Program Statement 5350.28 and BOP Program Statement 5884.03. In our view, the BOP's interpretations of its regulations are neither plainly erroneous nor inconsistent with the regulations. Accordingly, these interpretations of its regulations are entitled to deference. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997). Under valid BOP guidance, TCI employees are authorized to determine Lopez's education status, and, correspondingly, his GCT eligibility.

Lopez argues second that he should be awarded GCT in full because he is exempt from participating in the literacy program as a sentenced deportable alien. Although sentenced deportable aliens are not required to participate in the literacy program, 28 C.F.R. § 544.71(a)(3), they still must make satisfactory progress towards earning their GEDs to earn the maximum 54 days of GCT, 18 U.S.C. § 3624(b). It is only an alien subject to "a final order of removal, deportation, or exclusion" who can earn the full 54 days of GCT without making satisfactory progress. 28 C.F.R. § 523.20(d). While he was a sentenced deportable alien, Lopez was not subject to a final order of removal, deportation, or exclusion. He is not eligible to accrue the maximum incentive time. *See id.* §§ 523.20(c)(2), (d).

**AFFIRMED.**